RECEIVED
IN ALEXANDRIA, LA.
DEC 16 2009
TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| RICHARD L. JENKS, JR. | : | DOCKET NO. 08-560 |
| VS. | : | JUDGE TRIMBLE |
| JOHN STEPHEN CART, ET AL | : | MAGISTRATE JUDGE KAY |

### MEMORANDUM RULING

Before the Court is a "Motion to Dismiss for Lack of Jurisdiction" (doc. #61) and a "Renewed Motion to Dismiss for Lack of Jurisdiction" (doc. #70) wherein Defendants seek to dismiss the present declaratory judgment action on the basis that this Court lacks subject matter jurisdiction. For the reasons set forth below, this Court lacks diversity jurisdiction, therefore the instant suit will be dismissed.

### FACTUAL STATEMENT

Plaintiff, Richard L. Jenks, Jr. ("Jenks") filed the instant declaratory action against John Stephen Cart ("Cart") and Cartco, LLC (collectively referred to as the "Cart defendants") requesting that the Court declare the ownership rights of United States Patent No. 6,806,232 (the "Patent") or alternatively, Jenks seeks a declaratory judgment that Strata should have shop rights to use the patent without paying any royalty. The Patent names John Stephen Cart as the inventor. Jenks named Strata Control Services, Inc. ("Strata") as a nominal defendant and brought the derivative action on Strata's behalf. In his complaint, Jenks contends that the Patent is owned by Strata, whereas Cart contends that he owns the Patent, and as the owner, he is entitled to royalties from Strata for its use

of the Patent. Jenks and Cart are the sole owners of Strata with each owning 50% of the corporation; Jenks and Cart are the only members of the Board of Directors. Cart is the President of Strata and Jenks holds the office of Vice President, Secretary and Treasurer.

In his complaint, Jenks also seeks a declaration of the "fair rental" values of certain real property and equipment owned by the Cart defendants but used by Strata. Pursuant to a joint motion for voluntary dismissal, the issues concerning a declaration of the fair rental value of the real property and equipment have been dismissed.[1]

In their answer, in addition to asserting their ownership rights to the Patent, the Cart defendants assert a counterclaim against Jenks for breach of the Shareholders Agreement. Cart maintains that Jenks failed to offer for sale to the Corporation, and/or to Cart certain shares of stock allegedly held by Jenks' ex-wife, Kay Jenks, upon their divorce as required by the Shareholders Agreement. The Cart defendants seek an order from the Court requiring Jenks to transfer some or all of the shares of Strata formerly held by Kay Jenks to Cart. The Cart defendants also seek damages that arise out of Jenks' alleged breach of the Shareholder Agreement.

## LAW AND ANALYSIS

Jenks asserts that there is diversity jurisdiction under 29 U.S.C. 1332(a)(1) which confers original jurisdiction in cases "where the matter in controversy . . . is between . . . Citizens of different States." Jenks is a citizen of the State of Texas. The Cart defendants are citizens of Louisiana.[2] Nominal defendant Strata, for which Jenks brings this suit on behalf of is a citizen of

---

[1] Doc. #59.

[2] A corporation is deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business. 28 U.S.C. 1332(c)(1).

Louisiana. Hence, the Cart defendants maintain that because the interests of Strata are aligned with Jenks, there is no complete diversity of jurisdiction.

Federal courts are required to realign parties according to their real interests so as to produce an actual collision of interests.[3] Whether a corporation is the true party whose interests are being asserted, or whether the corporation is under control antagonistic to the party suing on behalf of the corporation is to be determined "on the face of the pleadings and by the nature of the controversy."[4]

Jenks maintains that it would be inequitable for the corporation to be realigned as a plaintiff because there is antagonism between him and the corporation citing *Doctor v. Harrington*.[5] In the *Doctor* case, the Supreme Court stated that the for purposes of determining jurisdiction based diversity, the fact that the ultimate interest of a corporate defendant may be the same as that of the complaining stockholders does not require that such corporation be grouped on the side of complainants, where the corporation is under a control antagonistic to complainants, and is made to act in a way detrimental to the stockholders rights.

Jenks also cites *Dodge v. Woolsey*,[6] for the proposition that when there exists a deadlock between the directors, then those directors occupy antagonistic grounds in respect to the controversy, thus the rules of equity would provide that diversity of citizenship jurisdiction will not be destroyed.

Jenks argues that in the instant matter the requirements for antagonism are met. Jenks and

---

[3] *Indianapolis v. Chase National Bank,* 314 U.S. 63, 69, 62 S.Ct. 15 (1941).

[4] *Smith v. Sperling,* 354 U.S. 91, 96-97; 77 S.Ct. 1112, 1115 (1957). See also *Swanson v. Traer,* 354 U.S. 114, 77 S.Ct. 1116 (1957).

[5] 196 U.S. 579 (1905).

[6] 59 U.S. 331 (1855).

Cart are the sole owners, officer and directors of Strata, each owning 50% of the stock and having an equal vote on the board. Jenks alleges that he tried unsuccessfully to secure an express assignment of rights to the Patent, but Cart refused to recognize Strata's ownership or to formally assign the Patent to Strata. Jenks asserts that Strata is controlled by antagonistic interests and Jenks will suffer immediate and irreparable loss if he is not permitted to seek redress. Furthermore, Jenks' large financial stake in the company as well as his sole employment could be lost if Strata is unable to use or sell product using the Patent. Thus, equity demands that Strata not be classified on the same side of the controversy as Jenks for the purpose of determining diversity of citizenship.

Defendants refute Jenks' interpretation of the *Doctor* and *Woolsey* cases and rely on more recent cases which hold that deadlock is not necessarily antagonism. In *Duffey v. Wheeler*,[7] the court held that in all shareholder derivative cases, except those in which the corporation is actually controlled by management antagonistic to the plaintiffs, the corporation can be realigned as a party plaintiff for diversity purposes. Mere inaction, or inability to act on the part of the corporation, because of a deadlock between those who control the corporation has not been found to be the equivalent of active antagonism.[8]

Defendants maintain that it is clear from the face of the pleadings and the nature of the controversy that Jenks and Strata are aligned on one side of this dispute and Cart is aligned on the other side. Defendants point to the following allegations in the complaint; (1) the complaint is

---

[7] 820 F.2d 1161 (11th Cir. 1987)

[8] *Liddy v. Urbanek*, 707 F.2d 1222 (11th Cir. 1983); *Kartub v. Optical Fashions*, 158 F.Supp. 757 (S.D.N.Y. 1958).

brought by Jenks on behalf of Strata,[9] (2) Jenks pleads that "Jenks contends the Patent is owned by Strata. Cart contends that he personally owns the Patent and is entitled to royalties from Strata for its use of the Patent,"[10] (3) Jenks on behalf of Strata pleads that "Cart's claim that the Patent is his personal property and his refusal to execute an assignment of rights to the Patent to Strata have however created uncertainty as to Strata's title and therefore harmed the value of the business,"[11] (4) in the prayer, Jenks on behalf of Strata requests that this Court order, "[t]hat Strata is the owner of the Patent;" and "[a]lternatively, that Strata possesses a shop right to produce and market products within the scope of the Patent claims on a royalty-free basis."[12]

"Retaining the corporation as a party defendant in a shareholder's derivative actions is an exception to the general rule that the corporation is properly realigned as a plaintiff since it is the real party in interest.[13] Courts retain the corporation as a party defendant only where a corporation has been found to be "actively antagonistic" to the plaintiff's interests.[14] The United States Supreme Court has stated that "there is diversity jurisdiction when the real collision of issues, . . . or . . . "the actual controversy," is between citizens of different States."[15]

In the instant suit, even though the two (2) officers and/or Board of Directors are completely

---

[9] Complaint, p. 1.

[10] Complaint, ¶ 2.

[11] Complaint, ¶ 9.

[12] Complaint p. 6.

[13] *Duffey v. Wheeler*, 820 F.2d 1161, 1163 (11th Cir. 1987), citing *Koster v. Lumbermens Mutual Casualty Co.*, 330 U.S. 518, 522-23, 67 S.Ct. 828, 831 (1947).

[14] *Id.*

[15] *Sperling*, 354 U.S. at 97; 77 S.Ct. At 1116.

deadlocked, the corporation is not antagonistic to the interests of Plaintiff. When a derivative action is brought by one faction of a deadlocked corporation, courts have followed the general rule and realigned such corporations as party plaintiffs.[16] The pleadings clearly allege that the Cart defendants are asserting rights to the Patent to the detriment of Strata and Jenks. Hence, there is real collision or an actual controversy between defendant, Cart and Strata. Thus, the corporation is properly aligned as a plaintiff based on the allegations made in the Complaint.

Finally, Jenks argues that the Cart defendants should be estopped from now asserting a challenge denying complete diversity of jurisdiction because they previously stated that the federal court has jurisdiction pursuant to 28 U.S.C. § 1332 in their "Answer and Counterclaim" and Rule 26(f) Report. However, Jenks provides no supportive authority where the use of estoppel has been approved in an issue of federal subject matter jurisdiction. To the contrary, in *Poole v. Lykes Bros. S.S. Co.,* the court held that there can be "no conferring of jurisdiction by estoppel,"[17] and in *In re Southwestern Bell Telephone Co.,*[18] the court held that "[j]udicial estoppel principles cannot conclusively establish jurisdictional facts."

## CONCLUSION

For the reasons set forth above, the Court finds that the corporation, Strata, must be properly aligned as a plaintiff because its interests in the Patent are antagonistic to those of the Cart defendants. Accordingly, there is no diversity of citizenship and the motions to dismiss for lack of

---

[16] *Id.*

[17] 273 F.2d 423, 424 (5th Cir. 1960).

[18] 535 F.2d 859, 861 (5th Cir. 1976).

jurisdiction will be granted.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 16th day of December, 2009.

_____
JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE